**Yaakov M. VANN, Plaintiff–Appellant,**

v.

**UNITED STATES Government, Robert M. Walker, Acting Secretary of the Army, John Doe, Warden Secretary of the United States Army, Defendants–Appellees.**

**Docket No. 01–6229.**

United States Court of Appeals,
Second Circuit.

Aug. 9, 2002.

Yaakov M. Vann, pro se, Las Vegas, NV, for Appellant.

Richard Lunger, Assistant United States Attorney, Mary Elizabeth Delli–Pizzi, Deborah B. Zwany, Assistant United States Attorneys (of counsel) for Alan Vinegrad, United States Attorney for the Eastern District of New York, Brooklyn, NY, for Appellee.

Present CALABRESI, POOLER, and SACK, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, it is ORDERED, ADJUDGED, AND DE-CREED that the judgment of the district court be and it hereby is AFFIRMED.

In January 1999, Plaintiff–Appellant Yaakov M. Vann filed a complaint in the United States District Court against Defendant–Appellees, alleging that the government breached a contract of employment with him in 1993. At an initial scheduling conference in December 1999, the magistrate judge issued an order pursuant to which discovery was to conclude by April 21, 2000. In May 2000, discovery was not complete, and the magistrate judge extended the deadline to July 2000. After Appellant disregarded several additional deadlines, missed scheduled conference calls, and failed to respond to the court's attempts to contact him, the magistrate judge in August 2000 issued an order directing Appellant to show cause, by September 18, 2000, why the action should not be dismissed for failure to prosecute. Again, Appellant failed to respond to the court. On September 29, 2000, the magistrate judge issued a report and recommendation that the action be dismissed without prejudice for failure to prosecute.

On October 13, 2000, Appellant contacted the court with a letter asserting that he had not received the previous correspondence and objecting to the dismissal. The letter indicated that Appellant's address was in California. The court had received no prior notice from Appellant that he had moved from New York. In September 2001, the district court adopted the magis-

trate judge's report and recommendation and dismissed the case without prejudice.

We have examined the record and are confident that the district court correctly applied the *Alvarez* factors governing dismissal, *see Alvarez v. Simmons Mkt. Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir.1988). Accordingly, the court was well within its discretion in dismissing the case. Having reviewed all of Appellant's claims and having found them to be without merit, we AFFIRM the judgment of the district court.